UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:15-CR-165 |
| | § | |
| MARLON ADRIAN MONTEROSO- | § | |
| GONZALEZ; aka MANUEL BARRARA | § | |

**ORDER**

Pending before the Court is Defendant/Movant Marlon Adrian Monteroso Gonzalez's Motion Under 18 U.S.C. § 3582(c)(2) for Modification of Sentence by a Person in Federal Custody. D.E. 46.

Movant was sentenced to 24 months' imprisonment on July 31, 2015, following his guilty plea to illegal reentry in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). His base offense level was 8, and he received a 12-level increase under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because he was previously deported following a crime of violence. After a 3-level reduction for acceptance of responsibility, his total offense level was 17. His criminal history category was I, resulting in a guideline sentencing range of 24 to 30 months.

Movant now moves for a reduction in his sentence pursuant to a proposed amendment to U.S.S.G. § 2L1.2, wherein the enhancement level for a prior conviction will generally be determined by the length of the sentence imposed for the prior offense. *See* Amendments to the Sentencing Guidelines (U.S. Sentencing Comm'n Apr. 28, 2016), *available at* http://www.ussc.gov/guidelines/amendments/reader-friendly-version-

amendments-effective-november-1-2016 (last visited July 11, 2016). Movant received a one-year sentence for his prior sex assault conviction; therefore, his base offense level would be increased by 4 levels instead of 12 under the amended guidelines, and his new sentencing range would be 4 to 10 months.

The Court has authority to modify or correct a previously-imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). *United States v. Ross*, 557 F.3d 237, 238 (5th Cir. 2009); *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are: (1) upon a motion for reduction by the Director of the Bureau of Prisons under certain circumstances; (2) to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; and (3) if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission and such a reduction would be consistent with the Commission's policy statements. 18 U.S.C. § 3582(c); *Ross*, 557 F.3d at 238.

Unfortunately for Movant, the proposed amended guideline upon which he relies does not benefit him because: (1) it has not yet become effective, and (2) the Sentencing Commission has not declared the amendment retroactive. Accordingly, Movant's motion to reduce his sentence (D.E. 46) is **DENIED**.

ORDERED this 18th day of July, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE